# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM MICHAEL LOVERN, : | |
| Petitioner : | |
| : | |
| v. : | CIVIL ACTION NO. RWT-05-2153 |
| : | |
| J. JOSEPH CURRAN, *et al.,* : | |
| Respondents : | |

## MEMORANDUM OPINION

On August 8, 2005, William Michael Lovern filed a Petition for Writ of Habeas Corpus attacking a two-year sentence imposed on July 28, 2005, in the Circuit Court for Anne Arundel County. Although he has failed to provide an appropriate civil filing fee or an affidavit establishing indigency, Petitioner will be granted leave to file in forma pauperis, pursuant to 28 U.S.C. §1915(a). For reasons that follow, the Petition will be dismissed without prejudice.

## Procedural History

As noted above, Petitioner was sentenced on July 28, 2005. His direct appeal is pending in the Court of Special Appeals of Maryland. He argues here that the state statute under which he was convicted is unconstitutionally vague. Under Rose v. Lundy, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal and thereafter seeking certiorari to the Court of Appeals, and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Because the habeas corpus

claims presented here have not been exhausted in the state courts, the instant action is premature. See Gray v. Netherland, 518 U.S. 152, 161-65 (1996).  Thus, the Petition seeking habeas corpus relief will be dismissed without prejudice.

|  |  |
|---|---|
|   8/18/05   | /s/ |
| (Date) | ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE |