# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM MICHAEL LOVERN, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL ACTION NO. RWT-05-2153 |
| | : | |
| J. JOSEPH CURRAN, *et al.,* | : | |
| Respondents | : | |

## MEMORANDUM OPINION

On August 18, 2005, the above-captioned Petition for Writ of Habeas Corpus, attacking a two-year sentence imposed on July 28, 2005, in the Circuit Court for Anne Arundel County, was dismissed without prejudice for failure to exhaust available remedies. On November 17, 2005, Petitioner filed a request to: reinstate the case; provide him bail pending resolution of this case; provide him court-appointed counsel; and order the state to give him with a copy of his prison base file. Paper No. 4. For reasons that follow, the request, construed as a motion for reconsideration, will be denied.

## Procedural History

Petitioner was sentenced on July 28, 2005. He now claims that an attorney appointed to represent him on direct appeal failed to perfect the appeal, and, as a result, he cannot comply with the exhaustion requirement set forth in Rose v. Lundy, 455 U.S. 509 (1982). Within the reconsideration request, Petitioner sets forth allegations concerning defects in his trial, including: sufficiency of the evidence; bias and misconduct on the part of the trial court and prosecutor; improper use of hearsay evidence; and a contention that his prosecution was retaliatory and based solely on the state's desire to squelch his ability to prosecute qui tam actions. Additional allegations concerning malpractice and ineffective assistance on the part of appellate counsel, which not only

resulted in his inability to note an appeal, but also impeded his ability to obtain early parole, also are set forth in the reconsideration request.

The reconsideration request, filed three months after dismissal, contains an amalgam of claims, some of which may properly be brought in a habeas corpus petition,[1] and some which are more properly brought before the court in the context of a tort or civil rights action. The reconsideration request, as written, is confusing at best and appears to be a "hybrid" of habeas, tort, and civil allegations. Inasmuch as the dismissal of this action was without prejudice and sufficient time remains on the one-year limitation period for seeking federal habeas corpus relief, the request for reconsideration shall be denied by way of a separate order.

    11/22/05    　　　　　　　　　　　　　　　　／s／
      Date　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Any allegation concerning ineffective assistance of appellate counsel brought within the context of a federal habeas corpus action would, of course, require exhaustion of state court review, to include a post conviction proceeding in the appropriate Circuit Court and, if unsuccessful there, a motion for leave to appeal filed in the Court of Special Appeals of Maryland.